UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL LOW INCOME<br>HOUSING COALITION<br>727 15TH St., NW<br>Washington, D.C. 20005,<br>    Plaintiff, | )<br>)<br>)<br>)<br>)<br>) | |
| v. | )<br>) | Civil Action No. _____ |
| U.S. DEPARTMENT OF HOMELAND<br>SECURITY<br>Washington, D.C. 20528,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     Through this action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff National Low Income Housing Coalition ("NLIHC") seeks access to critical government records relating to the provision of assistance to people displaced by Hurricanes Katrina and Rita in the possession of Defendant Department of Homeland Security ("DHS") and one of its units, the Federal Emergency Management Agency ("FEMA"). The records requested by NLIHC are likely to provide crucial public understanding regarding the adequacy of the agency's response to the housing crisis that emerged in the wake of the 2005 Gulf Coast hurricanes, as well as the current ramifications of that ongoing response. DHS has failed to provide the requested records despite the mandates of FOIA, necessitating the filing of this Complaint.

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties under 28 U.S.C. § 1331 and 5 U.S.C. § 552 (a)(4)(B). Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.     Plaintiff NLIHC is a national, non-profit membership organization whose sole mission is ending America's affordable housing crisis, with headquarters in the District of Columbia.  NLIHC educates, organizes, and advocates for decent, safe, and affordable housing. It focuses its efforts and resources on the lowest income households and the individuals in the most immediate need of assistance.  Since September 2005, NLIHC has convened weekly meetings of national and Gulf Coast organizations working on the temporary and long-term housing problems created by Hurricanes Katrina and Rita.  One of NLIHC's objectives is to disseminate to the public low-income housing information and data of the type sought in its FOIA request at issue in this action.

4.     Defendant DHS is an agency of the federal government of the United States located in Washington, D.C.  FEMA is a part of DHS, and is responsible for managing the federal response and recovery efforts following any national incidents, including the federal efforts in response to Hurricanes Katrina and Rita in 2005.  FEMA has possession of and control over the records NLIHC seeks.

**STATEMENT OF FACTS**

5.     On October 11, 2006, NLIHC requested FEMA records related to FEMA rental assistance, FEMA-funded trailers and mobile homes, the number of individuals that have been denied various types of FEMA-managed housing support, and the specific reasons why FEMA denied support to those individuals.[1]  NLIHC requested these records to further public understanding of FEMA's mismanagement of emergency and low-income housing support in the wake of the Gulf Coast hurricanes, and to provide Congress and the White House with concrete data to support legislative or executive remedial measures.  In its letter, NLIHC requested that all costs associated with the request be waived because disclosure of the requested records is likely to contribute significantly to public understanding of FEMA's response to Hurricanes Katrina

---

[1] *See* October 11, 2006 letter from D. Yentel to J. Ovall, attached hereto as Exhibit 1.

and Rita and is not in NLIHC's commercial interest. NLIHC also requested expedited processing because of the urgency to know how many displaced individuals are in imminent danger of losing their FEMA assistance.

6.     By letter dated October 18, 2006, FEMA acknowledged receipt of NLIHC's FOIA request.[2] In that letter, FEMA denied all of NLIHC's requests. FEMA stated that NLIHC's request had neither established how the records would enhance the general public's understanding of FEMA operations or activities nor an ability and intent to effectively distribute the requested information to the general public. FEMA denied NLIHC's request for expedited processing, stating that NLIHC had neither established an imminent threat to life or safety nor a particular urgency to inform the public beyond the public's right to know about government activity generally. FEMA also stated that "the portions of your letter that do not ask specifically for records are not within the purview of the FOIA." Ex. 2 at 2. FEMA provided no indication as to which portions of the letter failed to ask specifically for records.

7.     By letter dated November 10, 2006, NLIHC appealed FEMA's response to its FOIA request.[3] Regarding the request for expedited processing, NLIHC noted that there is a "clear urgency to inform the public about the requested information." Ex. 3 at 2. It explained that it had received "innumerable reports from individuals and their advocates that FEMA is wrongfully discontinuing or discouraging recertification of assistance of large numbers of disaster victims," and that because "housing assistance is a subsistence benefit, critically needed by thousands of displacees, and FEMA has not corrected the mismanagement of these programs, immediate public disclosure is needed to protect displacees." *Id.* It further explained that FEMA had kept secret extensive data related to its mismanagement of its housing assistance programs, including the data requested by NLIHC, and that disclosure of the data was needed to inform the public, Congress, and the White House about the need for administrative and legislation corrections. *See id.*

---

[2] *See* October 18, 2006 letter from J. Ovall to D. Yentel, attached hereto as Exhibit 2.
[3] *See* November 10, 2006 letter from S. Crowley to DHS, attached hereto as Exhibit 3.

8.      In response to FEMA's refusal to grant a fee waiver based on NLIHC's alleged failure to establish the public's need for the requested information, NLIHC reiterated in its appeal that "disclosure of the requested information is critically needed to further the public's understanding, as well as Congress' and the Administration's, understanding of the extent of FEMA's management problems with its housing assistance programs." *Id.* at 2-3.  NLIHC asserted FEMA was also incorrect to deny the request for fee waiver on the grounds that NLIHC failed to establish an ability and intent to effectively distribute the requested information to the public. To the contrary, NLIHC in its initial request expressed its intent to distribute the requested information to the general public and explained that it would do so through its newsletter, which is received by member organizations, congressional and administrative offices, members of the media, and through its Katrina Housing Group, a coalition of approximately 47 national and Gulf Coast organizations. *See* Ex. 1 at 3; *see also* Ex. 3 at 3.

9.      NLIHC's appeal also noted that FEMA failed to identify which portions of its original request did not ask for records. *See* Ex. 3 at 1.  It pointed out that FEMA had "previously given to NLIHC rental assistance and recertification data" and had "previously printed out data showing the numbers of individuals or households receiving housing assistance and those discontinued from rental assistance by the various computer code acronyms set forth in the Applicant's Guide." *Id.*  NLIHC specified that "[i]f the requested information [in the October 11 request] is contained in an electronic database, we request that FEMA send the electronic database in its response." *Id.* at 2.  NLIHC stated its understanding that the "vast majority, if not all, of the requested information may be obtained by computer searching in FEMA's electronic database." *Id.* at 1.  In light of the fact that the requested information should be accessible immediately, NLIHC requested that FEMA provide reasons why the information was not disclosed and set forth a timeline governing future disclosures. *Id.* at 1-2.

10.    On November 20, 2006, DHS acknowledged receipt of NLIHC's appeal, but stated that there would be a delay in adjudicating it.[4]

11.    By letter dated January 22, 2007, NLIHC clarified its FOIA request, stating that "[it is] only seeking information that is contained in existing records, including the electronic database" in DHS's possession, and that the agency "should interpret the questions raised in the FOIA request as a request for documents containing information sought in the question."[5] It also requested the "underlying electronic database containing FEMA's disaster relief data on its rental assistance program, its direct assistance program (*i.e.*, trailers, mobile homes, etc.), and its recoupment program, but without the names of evacuees or other identifying, privacy information." *Id.* It explained that disclosure of the database would minimize DHS's workload in responding to the request. *Id.* In addition, NLIHC reiterated its request for a waiver of fees. *Id.* at 1-2.

11.    Under 5 U.S.C. § 552(a)(6)(A), Defendant had 20 working days to respond to NLIHC's FOIA request and 20 days to respond to its FOIA appeal. More than 20 days have passed since NLIHC's October 11, 2006 FOIA request, its November 10, 2006 appeal letter, and its January 22, 2007 clarification letter. One hundred thirty one business days have passed since NLIHC submitted its original FOIA request to DHS, yet NLIHC has not received any records from DHS, nor has it received any response to its appeal.

12.    NLIHC is therefore deemed to have exhausted its administrative remedies under FOIA. *See* 5 U.S.C. § 552(a)(6)(C)(i).

---

[4] *See* November 30, 2006 letter from E. Perel to D. Yentel, attached hereto as Exhibit 4, at 1.
[5] *See* January 22, 2007 letter from S. Crowley to E. Perel, attached hereto as Exhibit 5, at 1.

## CLAIMS FOR RELIEF

### COUNT I

### FAILURE TO PRODUCE RECORDS

13.    NLIHC repeats the allegations set forth above as if stated fully herein.

14.    NLIHC properly requested the records described above from Defendant DHS.

15.    Those records were under the custody and/or control of Defendant DHS.

16.    Defendant DHS did not produce the records, nor did it assert any statutory exemptions to production.

17.    Defendant DHS violated its duty to produce its records in response to NLIHC's proper FOIA request.

### COUNT II

### FAILURE TO EXPEDITE

18.    NLIHC repeats the allegations set forth above as if stated fully herein.

19.    NLIHC's request for the records of DHS was entitled to expedited treatment under FOIA and DHS regulations because, *inter alia*, there is an urgency to inform the public about FEMA's responses to Hurricanes Katrina and Rita in the context of low-income housing, and NLIHC is an entity primarily engaged in disseminating such information.

20.    DHS improperly denied NLIHC's need for expedited processing of its FOIA request.

21.    DHS violated FOIA and its own regulations by refusing NLIHC's request for expedited processing.

### COUNT III

### FAILURE TO WAIVE FEES

22.    NLIHC repeats the allegations set forth above as if stated fully herein.

23.    On October 11, 2006, NLIHC asked DHS to waive any fees related to its FOIA request because the use of the records sought is in the public interest because it is likely to contribute significantly to public understanding of the response of DHS and FEMA to Hurricanes Katrina and Rita in the context of low-income housing, and the information sought is not primarily in NLIHC's commercial interest.

24.    DHS denied NLIHC's request for a waiver of fees, in violation of FOIA.

## COUNT IV

### FAILURE TO RESPOND TO APPEAL

25.    NLIHC repeats the allegations set forth above as if stated fully herein.

26.    On November 10, 2006, NLIHC appealed DHS's improper denial of its FOIA request, its request for expedited processing, and its request for the waiver of fees.

27.    On November 30, 2006, DHS wrote a letter to NLIHC acknowledging receipt of the appeal, but stated that there were a number of appeals ahead of NLIHC's appeal and that there would be a delay in responding to that appeal.

28.    As of the date of the filing of this Complaint, DHS has not responded to NLIHC's appeal, in violation of FOIA.

### REQUEST FOR RELIEF

WHEREFORE, NLIHC respectfully requests that this Court:

A)    Declare that Defendant's failure to disclose the records requested by NLIHC is unlawful under FOIA;

B)    Declare the Defendant's failure to expedite processing of NLIHC's request is unlawful under FOIA;

C)    Declare that Defendant's failure to waive the fees associated with NLIHC's FOIA request is unlawful under FOIA;

D)    Declare that the Defendant's failure to respond to NLIHC's appeal is unlawful under FOIA;

E)    Order Defendant to begin processing NLIHC's FOIA request immediately, on a schedule set forth by this Court, and upon completing that expedited processing, to make the requested records available to NLIHC without any charge;

F)    Award NLIHC its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

G)    Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**NATIONAL LOW INCOME HOUSING
COALITION
By Counsel**

**MORRISON & FOERSTER LLP**

Robert H. Loeffler (D.C. Bar No. 123372)
Alison A. Minea (not admitted in DC)
2000 Pennsylvania Avenue, N.W., Suite 5500
Washington, D.C.  20006
Main:  202.887.1500
Fax:  202.887.0763

and

John A. Trocki III
1650 Tysons Boulevard, Suite 300
McLean, Virginia 22102
Main: 703.760.7700
Fax: 703.760.7777

# EXHIBIT 1

Jeffery Ovall
Senior FOIA Specialist
Federal Emergency Management Agency
500 C Street SW
Washington, D.C. 20472

October 11, 2006

Re: Freedom of Information Act Request

Dear Mr. Ovall,

This is a request made under the provisions of the Freedom of Information Act, 5 U.S.C. 522.

Please send me answers to the following questions:

**Rental Assistance**
- How many households, to date, have requested recertification for FEMA rental assistance as a result of Hurricane Katrina?
- How many households, to date, have requested recertification for FEMA rental assistance as a result of Hurricane Rita?
- How many households, for each hurricane, have been denied recertification for FEMA rental assistance?
- What are the top 10 reasons households are denied continuing rental assistance?
- For each of the top 10 reasons households are denied continuing rental assistance, how many Hurricane Katrina evacuees to date have been denied for that reason? How many Hurricane Rita evacuees to date have been denied for each of the top 10 reasons?
- How many households receiving FEMA-funded rental assistance were, prior to Hurricane Katrina, tenants of HUD-subsidized housing?
- How many of those approved for continuing rental assistance were previous homeowners?
- How many approved for continuing rental assistance were previous renters?
- How many of those denied continuing rental assistance were previous homeowners?
- How many of those denied continuing rental assistance were previous renters?
- In what cities and states do those households currently receiving FEMA rental assistance reside? How many households are in each named city/state?
- In what cities and states did all households denied continuing rental assistance from FEMA live? How many households were denied in each named city/state?
- How many households currently receive FEMA-funded rental assistance through the rental assistance program administered by Corporate Lodging Consultants (CLC)? In what cities and states do these households reside?

- What is the average amount sought?
- How much money has FEMA successfully recouped to date? How many cases does this represent?

As you know, the FOI Act allows you to not charge any costs associated with searching for and copying materials requested through FOIA, if use of the materials could be considered as "primarily benefiting the general public." I request a waiver of all fees for this request. Disclosure of the requested information to the NLIHC is in the public interest because it is likely to contribute significantly to public understanding of FEMA's response to Hurricane Katrina, and is not my or my employer's commercial interest.

The National Low Income Housing Coalition, dedicated solely to ending the affordable housing crisis in America, is a membership organization; our members include non-profit housing providers, homeless service providers, fair housing organizations, state and local housing coalitions, public housing agencies, housing researchers, private property owners and developers, state and local government agencies, faith-based organizations, residents of public and assisted housing and other people and organizations concerned about low income housing across the country. Since September, 2005, NLIHC has convened weekly meetings of National and Gulf Coast organizations working on the temporary and long term housing crises created by Hurricanes Katrina and Rita. NLIHC plans to share information obtained through this FOIA with our members, and with all the groups participating in this work; these groups will in turn distribute the information with their national or Gulf Coast networks.

I ask too that my request receive expedited processing because there is urgency to knowing how many households, and where such households reside, are in danger of losing their assistance from FEMA.

If you have any questions regarding this request, please call me at 202-662-1530 x 230. Thank you for your assistance. I look forward to receiving your reply within 20 business days, as required by law.

Sincerely,


Diane Yentel
Policy Analyst
National Low Income Housing Coalition
727 15th Street, NW
Washington DC 20005

# EXHIBIT 2

 **FEMA**

October 18, 2006

Ms. Diane Yentel
Policy Analyst
National Low Income Housing Coalition
727 15th Street, NW
Washington, DC 2005

RE:  Freedom of Information Act Request
FOIA Case No.:  07-018

Dear Ms. Yentel:

The U.S. Department of Homeland Security (DHS)/Federal Emergency Management Agency (FEMA) acknowledges receipt of your Freedom of Information Act (FOIA) request dated October 11, 2006. In your letter you requested a multitude of different records.

In addition to a request for records, you asked that we "waive any applicable fees." The FOIA authorizes waiver of fees when it is determined that such action is in the public interest because furnishing the information can be considered as primarily benefiting the general public.

The Freedom of Information Reform Act of 1986 addresses the term "public interest" by including that fees should be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Public Law No. 99-570, section 1803, 100 Stat. 3207, 3207-50 (codified as amended at 5 U.S.C. section 552(a) (4) (A) (iii) (1994 & Supp. II 1996). In order to warrant a waiver or reduction of fees, the public understanding of the government operations or activities in question, as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent. Your request for a fee waiver did not establish how provision of the subject records to you at public expense would either primarily benefit the general public or significantly enhance the general public's understanding of FEMA operations or activities compared with its present understanding.

Moreover, to receive a fee waiver, one must establish both an ability and intent to effectively distribute the requested information to the general public. Your request did not establish this ability or intent. Consequently, your request for a fee waiver is denied.

In addition, you asked that we expedite the processing of your request. Requests and appeals will be taken out of order and given expedited treatment whenever it is determined that they involve:

  1.  Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

  2.  An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information. 6 C.F.R. § 5.5(d) (1) (i) and (ii).

  3.  A requester within the category in paragraph (d)(1)(ii) of this section also must establish a particular urgency to inform the public about government activity involved in the request, beyond the public's right to know about government activity generally. 6 C.F.R. § 5.5(d) (3).

Please be advised that your request for expedited processing does not sufficiently meet the criteria under the FOIA and the applicable regulations. To the extent that it can be determined, your request did not specifically address or establish an imminent threat to the life or physical safety of an individual or a particular urgency to inform the public beyond the public's right to know about government activity generally. Therefore, your request for expedited processing has been denied.

You may appeal our determination to deny a fee waiver and to deny expedited processing within 60 days from the date of this letter. Your appeal should include copies of your original request and this response, as well as a discussion of the reasons supporting your appeal. The envelope should be plainly marked to indicate that it contains a Freedom of Information Act appeal. If you decide to appeal, please send your appeal to:

Freedom of Information Act/Privacy Act Appeals
U.S. Department of Homeland Security
245 Murray Lane, SW, Building 410
Washington, DC  20528

In addition, as it relates to several items in your letter, the FOIA provides individuals with a right of access to Federal agency records that currently exist and can be located in Federal agency files. The statute does not provide for agencies to answer questions, compile information, or conduct research. Consequently, the portions of your letter that do not ask specifically for records are not within the purview of the FOIA.

2

Each FOIA request must contain an agreement to pay certain costs for processing the records (6 CFR § 5.11). There are four categories of requesters: commercial use requesters; educational and non-commercial scientific institutions; representatives of the media; and all other requesters. Specific levels of fees are prescribed for each of these categories. We have determined that your request falls under the "all other" category. Consequently, you will be responsible for duplication fees and search fees (see enclosed FOIA Fee Schedule).

The FOIA requires advance payment when estimated costs to process a request exceed $250. Because of the extremely broad scope of your request, there is a very high probability that it will exceed $250 for processing. I am writing to ask you to narrow the scope of your request in order to reduce your fees.

Please contact us should you wish to pursue your FOIA request absent a fee waiver and are willing to pay fees greater than $25 and which are likely to exceed $250. You may want to consider narrowing the scope of your request so as to reduce your costs. If we do not hear from you within 30 days from the date of this letter, we will assume you no longer wish to pursue your request and we will administratively close the request.

Thank you for your interest in FEMA's programs and policies.

Sincerely,

Jeff Orall
Senior FOIA Specialist
Office of Chief Counsel

3

# EXHIBIT 3



*Dedicated solely to ending America's
affordable housing crisis*

### NATIONAL LOW INCOME
### HOUSING COALITION

November 10, 2006

Freedom of Information Act Appeals
U.S. Department of Homeland Security
245 Murray Lane, SW, Building 410
Washington D.C. 20528

Re:     Freedom of Information Act Appeal
       Case No. 07-018

Dear Sir/Madam:

This is an appeal under the Freedom of Information Act ("FOIA").

On October 11, 2006, the National Low Income Housing Coalition ("NLIHC") sent a letter to Jeffrey Ovall, Senior FOIA Specialist of the Office of Chief Counsel, Federal Emergency Management Agency ("FEMA"), U.S. Department of Homeland Security ("DHS") to request information under the FOIA. On October 18, 2006, Mr. Ovall responded to the request with an assigned FOIA Case No. 07-018. Copies of the request and response are enclosed as Exhibits A and B, respectively.

**<u>Non-Disclosure Or Delayed Disclosure Of The Requested Information</u>**

DHS' response denies disclosure of those portions of the request that do not ask specifically for records. The response, at p. 2, states: "[T]he FOIA provides individuals with a right of access to Federal agency records that currently exist and can be located in Federal agency records that currently exist and can be located in Federal agency files. The statute does not provide for agencies to answer questions, compile information, or conduct research. Consequently, the portions of your letter that do not ask specifically for records are not within the purview of the FOIA."

Since the letter fails to designate or explain which portions of the request do no ask specifically for records, we are at a loss to know how this applies to our request and object to DHS' vague denial.

Further, 5 U.S.C. § 552(a)(3)(D) mandates that "an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system. 5 U.S.C. § 552(a)(3)(E) defines "search" to mean a "review, manually or by automated means," of "agency records for the purpose of locating those records responsive to a request." The review of computerized records is therefore within the ambit of the FOIA and does not amount to the creation of records.

The vast majority, if not all, of the requested information may be obtained by computer searching in FEMA's electronic database. For example, FEMA has previously given to NLIHC rental assistance and recertification data covering all affected states as shown in the attached Exhibit C, entitled "Hurricane Katrina & Rita Rental Assistance and Recertification." FEMA has also previously printed out data showing the numbers of individuals or households receiving housing assistance and those discontinued from rental assistance by the various computer code acronyms set forth in the Applicant's Guide. There is no valid reason not to provide this information, or

similar information, which is accessible from FEMA's electronic database immediately.  If this information is not provided immediately, please explain DHS' reasons.  For any information not disclosed promptly, we request timelines governing future disclosure.  We appeal the failure to disclose promptly.

If any of the requested information is not on FEMA's electronic database or cannot be obtained through a computer search, please let us know.  Otherwise, DHS' refusal to provide the requested information is vague and non-responsive.  In your response, please provide a description of the types of information on FEMA's database relating to the requested information.

If the requested information is contained on an electronic database, we request that FEMA send the electronic database in its response.  See 5 U.S.C. § 552(a)(3)(B) ("agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format.")  We are not requesting disclosure of names or other privacy information.

## Failure To Expedite

5 U.S.C. § 552(a)(6)(E)(v)(ll)  and 6 C.F.R. § 5.5(d)(1)(i) and (ii) require that DHS expedite processing of a request for records made by a person primarily engaged in disseminating information who shows by a certified statement an "urgency to inform the public about an actual or alleged federal government activity."  DHS' response does not dispute that NHLIC is an organization "primarily engaged in disseminating information," which, as explained in our request letter, it clearly is.  Instead, DHS denies expediting the request for information because "[to the extent that it can be determined, your request did not specifically address or establish ... a particular urgency to inform the public beyond the public's right to know about government activity generally."

NLIHC asserts that there is a clear urgency to inform the public about the requested information. The urgency is based upon innumerable reports from individuals and their advocates that FEMA is wrongfully discontinuing or discouraging recertification of assistance of large numbers of disaster victims, many of whom face homelessness or are being forced to live in unsafe, overcrowded or indecent housing.  We understand that FEMA has discontinued housing assistance to roughly 95% of the eligible displaced population, largely due to rules such as the shared household, insufficient damages and recertification rules which have been applied in a manner that results in a very high rate of administrative error.  We also understand that FEMA has been seeking recoupment of previously disbursed housing assistance funds based upon such administrative errors, leaving thousands of evacuees wrongfully subject to recoupment and delays in their housing assistance.  Since housing assistance is a subsistence benefit, critically needed by thousands of displacees, and FEMA has not corrected the mismanagement of these programs, immediate public disclosure is needed to protect displacees.

FEMA has kept secret extensive data (such as that requested by the NLIHC) which, if disclosed, may lead to legislative actions to correct these practices or public pressure to force FEMA to correct its wrongful practices on its own.  Public disclosure of FEMA's initial mismanagement of disaster relief led to a public outcry and legislative and administrative changes in its disaster relief systems.  The same disclosure and response is needed to correct FEMA's subsequent problems in managing its housing assistance program.  NLIHC will use the disclosed data, as it has done so in the past, to inform the public, Congress, and officials within the Administration about the problems with FEMA's management of its programs and the need for administrative and legislative corrections.

## Failure To Waive Fees

5 U.S.C. § 552(a)94)(A)(iii) states that "[d]ocuments shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester."  DHS refused to waive fees for the requested information because NLIHC "did not establish how provision of the subject records ... would either primarily benefit the general public or significantly enhance the general public's understanding of FEMA operations or activities compared with its present understanding."  DHS Response at 1.  DHS is mistaken.

For the reasons already expressed above, disclosure of the requested information is critically needed to further the public's, as well as Congress' and the Administration's, understanding of the extent of FEMA's management

problems with its housing assistance program. Legislative and Administrative actions are needed to rectify much of FEMA's problems with its housing programs. Additional funds may be required to continue FEMA's programs beyond their 18-month deadline. Yet neither Congress nor the Administration will take action until there is clear data illustrating the need. In the meantime, households in need of continuing assistance are being denied, and likely falling into precarious housing situations or homelessness.

Data received by NLIHC from FEMA has to date led directly to the introduction of three pieces of legislation (H.R. 5393, the Natural Disaster Housing Reform Act of 2006; and S. 3889 and H.R. 6149, the Gulf Coast Housing Accessibility Act). The information also led directly to the enactment of Stafford Act revisions in H.R. 5441, the Homeland Security FY07 Appropriations bill and to numerous letters from the Chair and Ranking Member of the Senate Homeland Security Committee to FEMA, expressing concern and requesting policy changes to FEMA's housing programs. The data requested by NLIHC in its' FOIA request will almost certainly lead to further Congressional and Administrative actions to rectify the numerous problems that exist in the housing programs and, in so doing, ensure that households in need are able to receive continuing assistance.

DHS' response also incorrectly denied the request for a fee waiver because it did not establish the ability and intent to effectively distribute the requested information to the general public. Response at 2. The NLIHC is unquestionably able and does so intend to effectively distribute the requested information to the general public. Much of the data received from FEMA is published in NLIHC's newsletter, *Memo to Members*. This newsletter is distributed weekly to approximately 1,200 member organizations, 500 Congressional and Administrative offices, and 1,500 members of the media. In addition, NLIHC has since September of 2005 led the Katrina Housing Group, a coalition of approximately 47 National and Gulf Coast organizations (see Exhibit D). When NLIHC receives data from FEMA, it distributes the data to all members of the Katrina Housing Group who in turn distribute the data to their membership.

For all of the above reasons, we request that the appeal be expedited and that DHS' decisions not to disclose the requested information, expedite the provision of the requested information and refusal to waive fees be reversed. We agree to pay all applicable fees charged, unless, of course, the denial of our fee waiver is reversed on appeal, but we request an itemization of estimated costs, including a separate breakdown between the cost of providing the data which can be obtained through a computer search and that information that requires a search beyond FEMA's electronic database. FEMA must immediately disclose the data obtained through a search of its electronic database, and, to facilitate that immediate disclosure, we are prepared to make a prompt payment.

If you have any questions regarding this request, please call me at 202-662-1530. Thank you for your assistance. I look forward to receiving your reply.

Sincerely,


Sheila Crowley,
President

# EXHIBIT 4

U.S. Department of Homeland Security
Washington, DC 20528



# Homeland Security

November 30, 2006

Ms. Diane Yentel
National low Income Housing Coalition
727 15th Street NW, 6th Floor\
Washington, DC 20005

Dear Ms. Yentel:

On behalf of the Associate General Counsel of the General Law Division at the Department of Homeland Security's Office of the General Counsel we acknowledge your Freedom of Information Act/Privacy Act appeal of the action taken by the Department of Homeland Security, Emergency Preparedness and Response /Federal Emergency Management Agency, on your request for a fee waiver, and for expedited treatment.. For tracking purposes, we have assigned your appeal number 07-27.

We make every effort to process appeals on a timely basis, but in order of receipt. There are a number of appeals ahead of yours and so there may be some delay in adjudicating this matter.  Nevertheless, we want to assure you that we will take action as soon as we can.

Sincerely,

Erica G. Perel, Esq.
General Law Division
Office of the General Counsel
U.S. Department of Homeland Security

# EXHIBIT 5



**NATIONAL LOW INCOME HOUSING COALITION**

*Dedicated solely to ending America's affordable housing crisis*

Sheila Crowley, President
Board of Directors
George Moses, Chair
Pittsburgh, PA
Mark Allison
Albuquerque, NM
Nancy Andrews
Oakland, CA
William Apgar
Cambridge, MA
Nancy Bernstine
Washington, DC
Cici Burks
Las Vegas, NV
Maria Cabildo
Los Angeles, CA
Delic Carney
Greenville, NC
Donald Chamberlain
Seattle, WA
Brissa Dowling
Orangeburg, NJ
Chuck Elsesser, Jr.
Miami, FL
Bill Faith
Columbus, OH
Pen Funk
Salt Lake City, UT
Charles Gardner
Greenville, SC
Chip Halbach
Minneapolis, MN
Jerome Hockett
Washington, DC
B. Johnson
Charlottesville, VA
Moises Loza
Washington, DC
Tim Moran
Burlington, VT
Jessa Morgan
Peoria, IL
Oanhas
Austin, TX
Barbara Sard
Brookline, MA
Sheri Tam
New York, NY
J. Tinker
Nashville, TN

Founded in 1974 by
Cushing N. Dolbeare

January 22, 2007

Ms. Erica G. Perel, Esq.
General Law Division
Office of the General Counsel
Mail Stop: 3650
U.S. Department of Homeland Security
500 C Street, SW
Washington, DC 20528

Re:    Freedom of Information Act Request
       FOIA Case No.: 07-018
       Appeal No.: 07-27

Dear Ms. Perel,

DHS's Office of General Counsel, by your letter to NLHIC, dated November 30, 2006, acknowledged receipt of our FOIA appeal, dated November 10, 2006, and stated that there were a number of appeals ahead of ours but that your office would take action on the appeal as soon as it can. Please let us know how many appeals remain ahead of ours and what the estimated time for reply is. While we recognize that you may not be able to provide a specific date for response, we would appreciate further explanations.

We also wish to clarify our FOIA request that we are only seeking information that is contained in existing records, including the electronic database in the possession of DHS so that there is no confusion on appeal that we are requesting the production of new records. Further, DHS should interpret the questions raised in the FOIA request as a request for documents containing information sought in the question. For example, the first question in the request stating "[h]ow many households, to date, have requested recertification for FEMA rental assistance as a result of Hurricane Katrina?" should be interpreted as a request for records (including the database) containing information showing "how many households, to date, have requested recertification for FEMA rental assistance …"

In addition to any tabulations which FEMA has in its records which are responsive to our requests, we request the underlying electronic database containing FEMA's disaster relief data on its rental assistance program, its direct assistance (i.e., trailers, mobile homes, etc.) program, and its recoupment program but without the names of evacuees or other identifying, privacy information. Disclosure of the electronic database would minimize DHS's workload in responding to our requests and enable us to retrieve the information in the most responsive and clear manner. As previously mentioned, we

Page 2

seek a waiver of fees because disclosure of the records would "contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester." Our November 10 appeal provided further explanation about why our request meets that standard.

Please let us know if there is anything we may do to help further clarify and expedite this matter. We look forward to the prompt disclosure of this information.

Sincerely,

Sheila Crowley
President

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| National Low Income Housing Coalition | U.S. Department of Homeland Security |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Morrison & Foerster LLP<br>2000 Pennsylvania Ave., NW, Suite 5500<br>Washington, DC 20006<br>(202) 887-1500 | |

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- O 1 U.S. Government Plaintiff
- O 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- O 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

---

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**O E. General Civil (Other)**          OR          **O F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○● 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. 552. An action seeking an order compelling the Department of Homeland Security to provide documents requested under FOIA, etc.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 4/20/07    SIGNATURE OF ATTORNEY OF RECORD _(signature)_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.